FILED
SUPERIOR COURT
OF GUAM

2021 MAY 20 PM 2: 26

CLERK OF COURT

BY: _____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MARIANA STONES CORPORATION, LTD., | CIVIL CASE NO. CV1307-19 |
| Plaintiff, | **DECISION AND ORDER** |
| vs. | |
| FADIAN DEVELOPMENT, INC. and DOES 1-10, | |
| Defendants. | |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendant Fadian Development, Inc.'s ("Fadian") Motion to Dismiss Amended Complaint. Attorney Anthony C. Perez represents Fadian and Attorneys Jacques G. Bronze and Edward C. Han represent Plaintiff Mariana Stones Corporation, Ltd. ("MSC"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

This matter stems from an Agreement entered into by MSC and Fadian on July 31, 2015 ("the Agreement") for the clearing, levelling and grading of Tract 157NEW ("the Property"). (Am. Compl. ¶¶ 6-8, Oct. 20, 2020). *See also* Am. Compl., Ex. 1. Subsequently, on or about mid-January 2016, Myung Mok Bae ("Mr. Bae") contacted MSC's then CEO, Paul Lee ("Mr. Lee"), "orally advising him that Fadian is contemplating transferring the Property which is the

*Mariana Stones Corp. v. Fadian Development, Inc.*
CV1307-19
Decision and Order

subject of the Agreement to another company." (Am. Compl. ¶ 14). The "Agreement would be assigned to said company upon Bae noticing the appropriate shareholder meeting to all the shareholders of Fadian, receiving the requisite approval from all the Board of Directors and all the shareholders of Fadian and preparing all the necessary documentation to effect the assignment of the Agreement." *Id.*

On March 24, 2016, Mr. Bae and Mr. Lee met. (Am. Compl. ¶ 16). Mr. Bae provided Mr. Lee a signed original Resolution of Board of Directors of Fadian Development ("Resolution") dated December 30, 2015. *Id.*; *see also* Am. Compl., Ex. 2. The Resolution stated that "upon receiving the requisite approval the majority of shareholders of the Corporation in accordance with the Corporation's Bylaws, Corporation shall transfer all of its assets to B&K Development, LLC and thereafter be dissolved." (Am. Compl., Ex. 2). Upon being provided the Resolution, MSC executed the First Amendment to Agreement ("First Amendment") in which "Fadian conveyed, assigned and transferred all its rights and obligations under the Agreement to B&K Development, LLC." (Am. Compl. ¶ 18). *See also* Am. Compl., Ex. 3.

On May 26, 2016, Delle Swegler Nadler, Moana Swegler Luka and Mark Swegler (collectively "the Sweglers") filed a lawsuit against Mr. Bae, Kei Za Ryu Bae ("Mrs. Bae"), B&K and Fadian in Superior Court of Guam Civil Case No. CV0452-16. (Am. Compl. ¶ 20; Ex. 4). The Sweglers' father, Delbert Swegler, owned 80,000 shares of common stock of Fadian. (Am. Compl. ¶ 20; Ex. 4 ¶ 12). Mr. Swegler passed away on July 14, 2012. (Am. Compl. ¶ 20). The lawsuit "alleged that Fadian's Board of Director's execution of the quitclaim deed transferring and conveying to B&K Development, LLC, 33 parcels of real property, including Tract 157NEW, which is the subject of the Agreement between MSC and Fadian was illegal and should be cancelled in light of Fadian's shareholders failure to complying with Article 19 of the 4th Amended Articles of Incorporation of Fadian." (Am. Compl. ¶ 21). *See also*, Am. Compl. Ex. 4. MSC moved to intervene in the Swegler lawsuit, which was granted by the court on June 2, 2017. (Am. Compl. ¶¶ 23-24).

On May 24, 2017, Mr. Bae was deposed in the Swegler lawsuit, and testified that he "did not have any shareholder approval" to enter into the Agreement to allow Plaintiff to mine the property. (Am. Compl. ¶ 25). *See also*, Am. Compl. Ex. 5. Mr. Bae further testified that he did not want to represent to MSC that Fadian had other shareholders and just wanted him to be representing Fadian. (Am. Compl. ¶ 26; Ex. 6). Mr. Bae also testified that he did not notice a meeting of the shareholders to vote on the transfer of assets. (Am. Compl. ¶ 26; Ex. 7).

On September 15, 2017, MSC was ordered by the court in the Swegler lawsuit "to cease all work on the Property and MSC suspended further work under the Agreement and began the process of demobilization and closure of operations being performed on the property." (Am. Compl. ¶ 33).

On November 18, 2019, MSC filed a Complaint commencing the instant matter against Fadian and B&K Development, LLC. *See* Compl., Nov. 18, 2019. The Court subsequently granted Fadian's Motion to Dismiss, finding that Plaintiff had insufficiently plead its causes of actions for intentional misrepresentation and negligent misrepresentation. (Dec. & Order, Sep. 18, 2020). The Court further found that because the facts alleged "do not support that the First Amendment was procured through fraud or misrepresentation, the instrument is not void or voidable and cannot be cancelled." *Id.* at 10. The Court, however, gave MSC leave to file an Amended Complaint. *Id.*

On October 20, 2020, MSC filed its Amended Complaint, asserting three causes of action against Fadian: Intentional Misrepresentation; Negligent Misrepresentation; and Fraudulent Inducement. *See generally*, Am. Compl., Oct. 20, 2020.

On November 25, 2020, Fadian filed the instant Motion to Dismiss. On December 21, 2020, MSC filed its Opposition. On January 6, 2021, Fadian filed its Reply. The Court subsequently placed the matter under advisement.

## DISCUSSION

Fadian moves the Court to dismiss this matter because MSC has failed to file its Amended Complaint within the applicable statute of limitations, MSC has failed to state a claim

upon which relief can be granted, and MSC has failed to plead fraud with particularity. *See generally*, Mot. Dismiss, Nov. 25, 2020.

**I. Statute of Limitations**

Fadian first argues that this matter must be dismissed because MSC failed to file its Amended Complaint within the applicable statute of limitations. (Mot. Dismiss at 6-9, Nov. 25, 2020). MSC opposes, arguing that the Amended Complaint is timely in light of Guam Rules of Civil Procedure 15(c). (Opp'n at 2-4, Dec. 21, 2020).

As an initial matter, the Court finds that the Amended Complaint filed on October 20, 2020 relates back to the initial Complaint filed on November 18, 2019.

> An amended complaint is considered a new action for purposes of the statute of limitations only if the claims do not 'relate back' to an earlier timely filed complaint. Under the relation-back doctrine, an amended relates back to the original complaint if the amendment (1) rests on the same general set of facts; (2) involves the same injury; and (3) refers to the same instrumentality.

*Newport Harbor Ventures, LLC vs. Morris Cerullo World Evangelism*, 212 Cal. Rptr. 3d, 216, 227-28 (Cal. App. 2016), *aff'd* 413 P.3d 650 (2018) (internal citations omitted). *See also* Guam R. Civ. P. 15(c) ("[a]n amendment of a pleading relates back to the date of the original pleading when," among other things, "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."). Here, the Amended Complaint rests on the same general facts, involves the same injury, and refers to the same instrumentality. Although the Amended Complaint also asserts a new claim for fraudulent inducement against Fadian, such claim "arises out of the same conduct, transaction, or occurrence as that set forth in the original complaint." *ASARCO, LLC v. Union Pac. R.R. Co.,* 765 F.3d 999, 1005 (9th Cir. 2014). Therefore, for the purpose of calculating statute of limitations, the Court will use the date of the filing of the initial Complaint.

Title 7 GCA Chapter 11 provides the periods prescribed for the commencement of actions other than for the recovery of real property. An action for relief on the ground of fraud or mistake must commence within three years, however, "[t]he cause of action in such case not

to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake." 7 G.C.A. § 11305(d). In this case, MSC sets forth that it knew Fadian engaged in purported fraudulent conduct on May 24, 2017:

> It was not until on or about May 24, 2017, that MSC became aware through the deposition of Bae that the resolution of Board of Directors of Fadian executed on December 30, 2015, presented to MSC on March 24, 2016, whereby Bae had stated prior to the execution of the resolution he has had an opportunity to have a meeting with, and approval of all the shareholders and that the resolution itself which stated that the undersigned directors constituted all the directors of Fadian Development Inc., and that Fadian had the "requisite approval of the majority of shareholders of the corporation in accordance with the corporation's Bylaws," were in fact false.

(Am. Compl. ¶ 28) (emphasis in original). Fadian also asserts that MSC should have known about the purported fraudulent conduct as early as March 2017, as that is when MSC became aware of the Swegler lawsuit against Fadian, Mr. Bae, and Mrs. Bae. (Mot. Dismiss at 8, Nov. 25, 2020). Therefore, MSC should have been aware of the purported fraudulent conduct as early as March 2017 and no later than May 24, 2017. As the statute of limitations of MSC's claims would begin to run when it, with reasonable diligence, should have become aware of the wrongdoing, *see Gayle v. Hemlani*, 2000 Guam 25 ¶ 25, MSC would have three years from March 2017 to bring a cause of action for claims arising from fraud. MSC filed the initial Complaint on November 18, 2019, which was within the three year statute of limitations. Therefore, the Court will not dismiss this matter on that ground.

**II. GRCP 12(b)(6) Legal Standard**

> When considering a Rule 12(b)(6) dismissal, the Court must:

> construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. Dismissal for failure to state a claim is appropriate *only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief.*

*Taitano v. Calvo Fin. Corp.*, 2009 Guam 9 ¶ 6 (internal citations and quotation marks omitted) (emphasis added). *See also Core Tech Intern. Corp. v. Hanil Engineering & Const. Co., Ltd.,*

2010 Guam 13 ¶ 52. A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Guam law only requires a short and plain statement of the claim showing entitlement to relief." *Ukau v. Wang*, 2016 Guam 26 ¶ 52. "In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated into the complaint by reference, and documents on which the complaint heavily relies." *Newby v. Government of Guam*, 2010 Guam 4 ¶ 14 (citation omitted). Courts, however, "may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Id.* at ¶ 16 (citation omitted).

## III. GRCP 9(b) Legal Standard

To successfully plead a claim of fraud, Plaintiff must plead facts with sufficient particularity to demonstrate the elements of fraud. *Taitano I*, 2008 Guam 12 ¶ 12; *see also* Guam R. Civ. P. 9(b) (requiring that "the circumstances constituting fraud or mistake shall be stated with particularity" and that "[m]alice, intent, knowledge, and other conditions of mind of a person may be averred generally."). Fraud claims are special matters that are subject to a heightened pleading standard." *Ukau*, 2016 Guam 26 ¶ 35. Thus, "[w]hen reviewing a Rule 12(b)(6) dismissal for failure to plead a fraud claim pursuant to Rule 9(b), [the court] must determine . . . whether the complaint pleaded facts with sufficient particularity." *Id.* at ¶ 35 (citation omitted). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Taitano I*, 2008 Guam 12 ¶ 15 (citation omitted). "The allegation must include enough detail to give defendants notice of the particular fraudulent misconduct so that they can defend against the charge and not just deny that they have done anything wrong. The pleading must be specific enough to give defendants notice of the who, what, when, where, and how of the misconduct charged." *Id.* at ¶ 25 (internal citations, quotation marks, and alterations omitted).

## IV. Count One: Intentional Misrepresentation

Fadian first argues that Count One alleging Intentional Misrepresentation must be dismissed because MSC has not sufficiently plead the elements of misrepresentation. (Mot.

Dismiss at 11-16, Nov. 25, 2020). The Amended Complaint alleges the following intentional misrepresentation:

36. On or about mid-January 2016, Bae contacted MSC's then CEO Paul Lee, orally advising him that Fadian is contemplating transferring the Property which is the subject of the Agreement to another company and that the Agreement would be assigned to said company upon Bae noticing the appropriate shareholder notice of meeting to all the shareholders of Fadian, receiving the requisite approval from all the Board of Directors and all the shareholders of Fadian and preparing all the necessary documentation to effect the assignment of the Agreement.

37. On information and belief, on or about early March 2016, Bae contacted Paul Lee at MSC indicating he wanted MSC to execute the assignment of the Agreement o a certain un-named company before the end of March, as he has had an opportunity to have a meeting with all the shareholders of Fadian and had received the oral approval of all the board of directors and shareholders of Fadian.

38. Then on March 24, 2016, Bae called Paul Lee by phone informing him that he wanted to meet up with him to have MSC execute the assignment of the Agreement. Paul Lee invited Bae to meet him at his office in Ukudu, Dededo. On the same day after the subject phone call, Bae came to meet with Paul Lee at his office and Bae as the Board Chairman and President of Fadian stated that he has had an opportunity to have a meeting with, and the approval of all the shareholders and all the board of directors of Fadian relating to the assignment of the Agreement and, thus, wanted to get the assignment of the Agreement executed that day. Bae then handed Mr. Lee with a signed original of a board of directors resolution which stated that ". . . the undersigned being all the directors of Fadian Development Inc., unanimously consent and agree," to the transfer of "all of the Corporation's assets . . . to B&K Development, LLC, and thereafter the Corporation shall be "dissolved."

* * *

40. When Bae as the Chairman of the Board of Directors made the oral representations to Paul Lee on early March 2016 and on March 24, 2016, that he has had an opportunity to have a meeting with and the approval of all the shareholders and had received the approval of all the board of directors and shareholders of Fadian relating to the assignment of the Agreement and, thus, wanted to get the assignment of the Agreement executed, he knew these statements were in fact misrepresentations. In addition, Bae as the Chairman of the Board of Directors and the other directors of Fadian expressed representations

in the resolution that Fadian had the "requisite approval of the majority of shareholders of Fadian in accordance with the Corporation's By-Laws," as set forth in the resolution dated December 30, 2015, was also a misrepresentation of existing fact. Moreover, Fadian's directors expressed representation contained in the December 2015, resolution that the majority was all that was necessary to "transfer all of its assets to BK Development, LLC.," was additionally a misrepresentation of an existing fact.

(Am. Compl. ¶¶ 36-38, 40).

The elements of intentional misrepresentation are: "(1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages." *Hemlani*, 2003 Guam 17 ¶ 9 (same elements as fraud) (citation omitted). "Each element of a fraud count must be pleaded with particularity so as to apprise the defendant of the specific grounds for the charge and enable the court to determine whether there is any basis for the cause of action, although less specificity is required if the defendant would likely have greater knowledge of the facts than the plaintiff." *Chapman v. Skype, Inc.*, 162 Cal.Rptr.3d 864, 875 (Cal. App. 2013) (citation omitted). "The specificity requirement serves two purposes: to apprise the defendant of the specific grounds for the charge and enable the court to determine whether there is any basis for the cause of action." *Daniels v. Select Portfolio Servicing, Inc.*, 201 Cal.Rptr. 3d 390, 407 (Cal. App. 2016) (quoting *Chapman*, 162 Cal.Rptr. 3d at 875).

The first element of intentional misrepresentation requires a complainant to prove, *prima facie*, that a misrepresentation occurred. *Hemlani*, 2003 Guam 17 ¶ 9. Fadian asserts that the "allegations that Bae purportedly informed SMC that he had meeting with and received the approval of all the shareholder and directors concerning the assignment of Agreement and property transfer are manufactured, and in direct contradiction to the allegations of the Original Complaint." (Mot. Dismiss at 11, Nov. 25, 2020). This Court gave leave to MSC to file an Amended Complaint after it granted Fadian's Motion to Dismiss the original complaint, finding that Plaintiff had insufficiently plead its causes of actions for intentional misrepresentation and negligent misrepresentation. (Dec. & Order, Sep. 18, 2020). At this time, the Court declines to make any findings as to the veracity of the allegations set forth in the Amended Complaint, as

the Court is to "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor" when evaluating a Motion to Dismiss under Rule 12(b)(6). *Taitano*, 2009 Guam 9 ¶ 6. *See also Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."); *McQueen v. Woodstream Corp.*, 244 F.R.D. 26, 34 (D.D.C. 2007) ("while the court must accept as true all allegations of material fact and construe them in the light most favorable to the pleader in resolving a Rule 9(b) challenge, the pleader nevertheless must satisfy his burden by stating with particularity the supporting factual allegations for his claim.").

The Court finds that MSC has made a *prima facie* case that a misrepresentation occurred in the Amended Complaint, thereby meeting the first element. The Court finds that the Amended Complaint provides Fadian with alleged facts showing how, when, where, to whom, and by what means the representations were made. *See Taitano I*, 2008 Guam 12 ¶ 25; *see also Daniels*, 201 Cal.Rptr. 3d at 407. The Court further finds that MSC has sufficiently plead the second element of knowledge of falsity and the third element of intent to defraud to induce reliance.

As to the fourth element, "[t]o allege actual reliance on misrepresentations with the required specificity for a fraud count, the plaintiff must plead that he believed the representations to be true and that in reliance thereon (or induced thereby) he entered into the transaction." *Daniels*, 201 Cal. Rptr. 3d at 408 (internal quotation marks, alterations, and citation omitted). The Amended Complaint alleges the following reliance on the misrepresentations:

> 45. At the time MSC executed the First Amendment to the Agreement, MSC was ignorant of the falsity of the statements/representations made by Bae on early March 2016, March 24, 2016, and as expressly set forth in the December 2015 resolution of the Board of Directors of Fadian and believing them to be accurate, justifiably relied on the representations/statements made by Bae as a director and also as stated in the 2015 resolution in deciding to execute the assignment of the Agreement to B&K Development, LLC.

46. Had MSC knew that Bae had never even noticed a meeting of all the shareholders of Fadian and that Fadian's board of directors had never received the requisite approval of 2/3 of Fadian's outstanding shareholders in accordance with Fadian's By-Laws, MSC would not have entered into the First Amendment assigning the Agreement to B&K.

47. MSC's reliance on Bae's oral representations/statements that he would be seeking all the shareholders of Fadian to approve the contemplated assignment of the Agreement and the Board of Directors expressed representations as contained in the December 30, 20215 resolution, that the approval was in accordance with Fadian's By-Laws, was a substantial factor in causing MSC's harm.

(Am. Compl. ¶¶ 45-47). The Court finds that MSC has sufficiently plead justifiable reliance.

Lastly, MSC must show resulting damages. The Amended Complaint alleges the following damages:

48. As a result of the intentional misrepresentations described above, MSC has been damaged as follows: $98,464.19 reflecting lost production costs relating to the performance of the supply contract to San Juan Construction Inc., $466,000.00 reflecting production costs for aggregate and rock materials produced after March 24, 2016; $65,000 reflecting advancement of payments and royalties to Fadian board members after March 24, 2016; $65,000 reflecting advancement of payments and royalties to Fadian board members after March 24, 2016, $42,334.52 reflecting payments made by MSC to the Superior Court of Guam in accordance with Article 4(b) of the Agreement; $24,510.00 reflecting moving costs to the Property after March 24, 2016; $269,690.61 reflecting mobilization and setting up costs for aggregate production on the Property after March 24, 2016; $97,392.93 reflecting professional and government fees for the Property site paid by MSC after March 24, 2016; $99,000.00 reflecting attorney fees incurred in the defense of the assigned Agreement as a result of the legal action filed by the Sweglers and $673,160.38 in costs and expenses incurred to demobilize, close quarry operations on the Property and termination of employees employed under the Agreement, for an aggregate of $1,835,552.63.

(Am. Compl. ¶ 48).

Fadian argues that "MSC's allegations of resulting damages arising from purported misrepresentations by Fadian is illogical and completely disregards the real reason why it was damaged, and subsequently fails to state a claim up on which relief may be granted." (Mot. Dismiss at 14, Nov. 25, 2020). Fadian sets forth that "MSC's purported harm arose from

having to stop performing work on the Fadian property," and that "such purported harm was caused by the Stipulation and Order Granting Preliminary Injunction between the Swegler heirs and B&K." (Reply at 6, Jan. 6, 2021). On September 15, 2017, MSC was ordered by the court in the Swegler lawsuit "to cease all work on the Property and MSC suspended further work under the Agreement and began the process of demobilization and closure of operations being performed on the property." (Am. Compl. ¶ 33).

The Court cannot be certain at this time as to the full extent that the Swegler lawsuit may have had or has had an impact on the figures set forth by MSC for damages. However, in evaluating the facts set forth in the Amended Complaint in the light most favorable to the non-moving party, MSC, there are damages alleged in the Amended Complaint that have been incurred from the First Amendment of the Agreement, notwithstanding the Swegler lawsuit. *See McQueen v. Woodstream Corp.*, 244 F.R.D. 26, 34 (D.D.C. 2007) (the claimant must plead "what the opponent retained or the claimant lost as a consequence of the alleged fraud."). Accordingly, the Court finds that MSC has sufficiently plead intentional misrepresentation, and will not dismiss Count One.

## V. Count Two: Negligent Misrepresentation

Fadian next argues that Count Two of the Amended Complaint alleging Negligent Misrepresentation must be dismissed because "Fadian did not misrepresent any past or existing material fact, MSC's new allegations are manufactured and in direct contradiction to the original Complaint and should be disregarded, and Fadian was not the cause of any damages incurred by MSC." (Mot. Dismiss at 16, Nov. 25, 2020).

> The elements for a cause of action for negligent misrepresentation are: (1) a misrepresentation of a past or existing material fact; (2) without reasonable grounds for believing it to be true; (3) with intent to induce another's reliance on the fact misrepresented; (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages.

*Hemlani v. Flaherty*, 2003 Guam 17 ¶ 9 (internal quotation marks and citation omitted). "The elements of a claim for negligent misrepresentation are nearly identical [to intentional misrepresentation]. Only the second element is different, requiring the absence of reasonable

grounds for believing the misrepresentation to be true instead of knowledge of its falsity." *Daniels*, 201 Cal.Rptr. 3d at 406. Thus, as with intentional misrepresentation, the first element requires a complainant to prove, *prima facie*, that a misrepresentation occurred. *Hemlani*, 2003 Guam 17 ¶ 9. The Court finds, for the same reasons noted earlier, that MSC has proved, *prima facie*, that a misrepresented occurred.

As to the second element, MSC must allege facts showing that Fadian was without reasonable grounds for believing the misrepresentation to be true. *Id.* In the Amended Complaint, MSC alleges that:

> 56. Bae as Chairman of the Board of Directors and President of Fadian was without reasonable grounds for believing the above representations he made on March 24, 2016, were true. Bae knew that he had not had any meeting with all the shareholders of Fadian and nor had he received all of the shareholders approval to transfer the Property and assign the Agreement to B&K. Bae knew prior to March 24, 2016, that Delbert Swegler owned 80,000 shares of common stock in Fadian, constituting about 40% of the outstanding common stock of Fadian, was also a director of Fadian, and importantly, had died since July 14, 2012. Bae was without reasonable grounds for believing the representations that he had a meeting with all the shareholders of Fadian because of October 19, 2014, Bae had received a written report from an attorney named Ted Walters hired by him which discussed the legal situation relating to the death of Delbert Swegler and the legal situation regarding the Estate of Delbert Swegler.

> 58.[1] In addition, the directors of Fadian was without reasonable grounds for believing when they executed the resolution which was given by Bae to Paul Lee for execution that their approval of the resolution was not in accordance with the By-Laws as Article II section 2 and 3 required that any meeting be called by a board of directors resolution or by order of the President and that such notice be mailed to the respective address of all the shareholders of Fadian and that neither Bae nor the Board of directors had complied with Article II of the By-laws to effect a meeting of all the shareholders in accordance with its terms. In fact Bae testified in his May 24, 2017 deposition that he did not notice any meeting of shareholders to discuss the asset transfers and assignment of the Agreement.

---

[1] The Court notes that the paragraph numbering in the Amended Complaint jumps from paragraph number 56 to 58, and skips number 57. The Court assumes this is a clerical error on the part of MSC.

(Am. Compl., ¶¶ 56, 58). The Court finds that MSC has sufficiently alleged facts showing that Fadian was without reasonable grounds for believing the misrepresentation to be true. As the remaining elements of negligent misrepresentation are identical to intentional misrepresentation, the Court, for the same reasons noted earlier in the discussion about intentional misrepresentation, finds that MSC has sufficiently plead negligent misrepresentation, and will not dismiss Count Two.

## VI. Count Three: Fraudulent Inducement

Lastly, Fadian argues that Count Three of the Amended Complaint alleging Fraudulent Inducement must also be dismissed based on the same arguments set forth for Count One and Count Two. (Mot. Dismiss at 16-17, Nov. 25, 2020). "Fraud in the inducement is fraud occurring when a misrepresentation leads another to enter into a transaction with a false impression of risks, duties, or obligations involved." *Gov't of Guam v. Kim*, 2015 Guam 15 ¶ 42 (quoting *Black's Law Dictionary* 731 (9th ed. 2009)). The Amended Complaint alleges the following:

> 70. Faidan through Bae and its other directors intended that Plaintiff would be induced into action by relying upon their oral and expressed representations as set forth in paragraph 66(a)-(d), all of which was in Fadian's exclusive knowledge.

> 71. In executing the First Amendment (the Assignment of the Agreement), MSC reasonably and justifiably relied on those statements of fact and representations made to it by Fadian to its detriment.

(Am. Compl. ¶¶ 70-71). As the Court previously determined that a misrepresentation has occurred, it also finds that MSC has sufficiently plead that such misrepresentation led to the entering of a transaction, i.e., the execution of the First Amendment. Accordingly, the Court will not dismiss Count Three.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Fadian's Motion to Dismiss Amended Complaint. Fadian shall file its Answer to the Amended Complaint within twenty (20) days of service of this Decision and Order. A Scheduling Conference is set for **August 5,**

**2021** at **2:00 p.m.** via teleconference. To appear remotely for this hearing, dial **969-7000** and enter meeting ID number **116-7473-0337.**

**IT IS SO ORDERED** this 20th day of May, 2021.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:
A.C. Perez, Bronze
E. Hwd
Date:_____Time: 5/20/21
_____
Deputy Clerk, Superior Court of Guam

_Mariana Stones Corp. v. Fadian Development, Inc._
CV1307-19
Decision and Order